Dear Mr. Gaudin:
Your request for an Attorney General's opinion has been directed to me for response. You have asked whether or not LSA-R.S. 13:1881(B) prohibits a marshal from using funds, generated by the operation of his office, to pay all or a portion of the salaries of his deputies.
LSA-R.S. 13:1881(B) provides as follows:
 "The Marshal may appoint one or more deputy marshals having the same powers and authority as the marshal, but the marshal shall be responsible for their actions. The compensation of the deputy marshals shall be fixed and paid by the governing authorities of the city or parish, or both, where the court is located." (emphasis added).
In Attorney General's Opinion Number 84-768, this office dealt with a question similar to the one you have asked. The question addressed by that opinion was whether a city court judge, using funds from the criminal court fund, could either hire law enforcement officers or turn the money over to the marshal to hire additional deputies. The judge and marshal in that instance were trying to find a means whereby they might hire additional personnel, to handle a large backlog of unserved warrants.
In that opinion, referring to LSA-R.S. 13:1881, we concluded that the compensation paid to deputy marshals would have to be fixed and paid by the governing authority where the court was located.
The opinion concluded that "it is unfortunate that the problem cannot be handled in the manner sought but the only solution seems to require the hiring of additional deputies who are paid a salary fixed by the city and/or parish".
It would appear that, under the language of LSA-R.S.13:1881(B), the answer to your question would have to be essentially the same as that given in Opinion Number 84-768. As quoted above, LSA-R.S. 13:1881(B) provides that the governing authorities of the city or parish, or both, where the court is located shall fix and pay the compensation of deputy marshals. We note that LSA-R.S. 13:1422 provides for the payment by sheriffs of certain expenses, including the salaries of all deputies, from the "sheriff's salary fund". We further note that LSA-R.S. 13:1736 establishes a "Salary And Expense Funds Of The Constables" of the city courts in New Orleans. LSA-R.S. 13:1734 provides that the constables of New Orleans may pay, from that fund, the salaries of all deputies and clerical assistance. . . ." However, we are not aware of any provision of law creating any such fund for the benefit of marshals. We are also unaware of any other provision of law which would supersede LSA-R.S. 13:1881(B) and permit a marshal to use funds generated by the operation of his office, to pay all or a portion of the salary of his deputies.
Therefore, it is the opinion of this office that LSA-R.S.13:1881(B) would prohibit a marshal of a city court from using funds, generated by the operation of his office, to pay all or a portion of the salaries of his deputies.
I trust that the foregoing adequately answers the question you have asked. However, if additional information is needed, please do not hesitate to contact this office.
Yours very truly,
 RICHARD P. IEYOUB Attorney General
 BY: JAMES A. SMITH, II Assistant Attorney General
RPI/JAS:pb 2578s